# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1989

_____

| | | |
|---|---|---|
| Karen C. Charland, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Little Six, Inc., a foreign corporation | * | of Minnesota. |
| d/b/a Mystic Lake Casino; | * | |
| Mdewakanton Sioux Community, | * | [UNPUBLISHED] |
| sued as Shakopee Mdewakanton | * | |
| Sioux Community, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 22, 1999

Filed: November 1, 1999

_____

Before BOWMAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

PER CURIAM.

Karen C. Charland, a former employee with Mystic Lake Casino, appeals the district court's[1] dismissal of her action against the Shakopee Mdewakanton Sioux

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Community (Community) and Little Six, Inc. (LSI),[2] alleging various state and common law claims as well as disability discrimination under Title VII and the ADA. The district court, adopting the magistrate judge's report and recommendation, dismissed the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[3] The court also noted that even if it had subject matter jurisdiction over the action, dismissal would still be warranted in light of Charland's failure to exhaust tribal court remedies.

On appeal, Charland argues that: (1) the district court erred in deciding it lacked subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343; (2) the district court should have stayed the federal court proceedings pending exhaustion of her tribal court remedies instead of dismissing the action; and (3) tribal sovereign immunity should not be recognized as a valid defense to tort claims. Having carefully reviewed the parties' briefs and the record, we affirm the district court's dismissal of the case for lack of subject matter jurisdiction. Because the district court was without subject matter jurisdiction to hear the federal claims, we also reject Charland's remaining arguments.

---

[2]LSI, a corporation wholly owned by the Community, is an extension of the Community's governing body, the General Council. Voting members of LSI's board of directors must be Community members and LSI meetings are required to be held as General Council meetings.

[3]The magistrate judge found that both Title VII and the ADA explicitly exempted Indian tribes from the definition of employer, and that Charland's remaining claims did not provide any basis for the court to assert subject matter jurisdiction over the case. See 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(B)(i).

We also deny appellees' motion, pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1927 for damages, double costs, attorneys' fees, and excess expenses.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.